

FILED
MAY 27 2014
Clerk, U.S. District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL W. RYAN,<br><br>Defendant. | Cause No. CR 06-73-BLG-SPW<br><br>CORRECTED ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE |

On May 9, 2014, Defendant Ryan filed a pro se motion under 18 U.S.C. § 3583(e)(1) seeking early termination of his three-year term of supervised release. On May 15, 2014, the Court denied the motion.

It has come to the Court's attention, however, that it is not appropriate to consider just punishment as a rationale for continuing a term of supervised release. *See* Order Denying Mot. (Doc. 317) at 2. While district courts do not have inherent authority to reconsider sentencing decisions, *United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028 (9th Cir. 1999), Fed. R. Crim. P. 35(a) authorizes a district court to correct an "arithmetic, technical or other clear error" within 14 days of sentencing, or, as applied here, a motion related to the defendant's sentence. Acting *sua sponte*, *United States v. Colace*, 126 F.3d 1229, 1231 (9th Cir. 1997), the Court will correct its error.

As previously stated, Ryan was sentenced to serve 71 months in prison and

1

three years on supervised release. He has discharged his prison term. As of January 2014, he had served one year on supervised release. Mot. (Doc. 315) at 1.

Ryan has paid the full amount of the required restitution. Mot. (Doc. 315) at 1-2. The Court notes, as well, that Ryan was released on conditions both before and after sentencing and was permitted to self-surrender. Minutes (Doc. 251); Order (Doc. 274). It also notes that, of the two co-defendants who pled guilty, Loney's probation was terminated early, on May 7, 2009, at the request of the United States Probation Office (Doc. 279). The Court inquired of the supervising probation officer and was advised that Ryan is fully compliant with the conditions of his supervised release and the officer has no objection to early termination.

Ryan's payment of his fine and restitution and his full compliance with the conditions of his release are commendable, but they are also expected. Compliance with the conditions of release is a necessary but not sufficient condition for early termination. Ryan's ability to pay restitution sooner rather than later does not necessarily indicate that early termination is appropriate. Supervised release is ordered in part for the purpose of facilitating payment of restitution, but many other factors are involved as well. Rehabilitation, deterrence, and protection of the public are significant factors. *See* 18 U.S.C. §§ 3583(c), 3553(a)(a)(2)(B)-(D).

In Ryan's case, Judge Cebull imposed a prison term of 60 months on Counts 1-13 and 15-17 and 71 months on Count 14. Sixty months was the statutory

maximum on Counts 1-13 and 15-17. Seventy-one months was the high end of the advisory guideline range on all counts. A three-year term of supervised release was also at the high end of the advisory guideline range of two to three years. Sentencing Tr. (Doc. 263) at 77:14-20; Presentence Report ¶¶ 93-96, 98-99. Judge Cebull noted that Ryan had a previous conviction for a drug-related offense and that, had Ryan been sentenced under a later version of the advisory sentencing guidelines, his range would have been higher. Sentencing Tr. at 75:20-76:9.

These decisions by Judge Cebull reflect the seriousness of the offense, see 18 U.S.C. § 3553(a)(2)(A), but they also reflect all the other factors under § 3553(a), including the factors under § 3553(a)(2)(B)-(D), which are relevant to Ryan's supervised release. The Court believes that continued monitoring of Ryan's compliance with the conditions of his release may prove beneficial in ensuring that Ryan – who violated federal law on another occasion before he committed the instant offense – is truly willing and able to comply with the law. For these reasons, early termination of Ryan's supervised release is not in the interest of justice, despite his good conduct.

If the supervising probation officer is willing to submit an affidavit in support of early termination, Ryan may file another motion, and the Court will consider it. If the supervising officer does not support Ryan's early termination, the Court will not grant it.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Pursuant to Fed. R. Crim. P. 35(a), the Order of May 15, 2014 (Doc. 317), is VACATED.

2. Ryan's motion for early termination of supervised release (Doc. 315) is DENIED.

DATED this 27 day of May, 2014.

Susan P. Watters
United States District Court

4